■ In the Matter of ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DAVID F., JR., Respondent, v LORI F., Appellant. [733 NYS2d 666] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Respondent appeals from an order committing her to the Erie County Correctional Facility for a term of six months based upon Family Court's finding that she had willfully violated a prior order. By the prior order, the court adjudicated respondent's son a neglected child and, *inter alia,* directed respondent to attend counseling and ensure that her son attended school. Respondent contends that her father should have been named as a respondent in the proceeding because he also was legally responsible for the care of her son. Although respondent's father could have been named as a respondent herein (*see,* Family Ct Act § 1012 [a], [g]; *see also, Matter of Yolanda D.,* 88 NY2d 790, 793), that would not have altered the fact that respondent violated the prior order by failing to attend counseling and to ensure that her son attended school. However, in view of the age of respondent's son and the inability of respondent to control her son's behavior, we conclude that the court abused its discretion in imposing a six-month term of incarceration (*see generally, Matter of Kephart v Kephart,* 84 AD2d 644). We therefore modify the order by reducing the sentence to time served. (Appeal from Order of Erie County Family Court, Szczur, J.—Commitment.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.